**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL C. BROWN,<br><br>      Petitioner,<br><br>  v.<br><br>M.D. BITER (Warden Kern Valley St. Prison),<br><br>      Respondent. | NO. ED CV 15-743-PA(E)<br><br>ORDER OF DISMISSAL |

On April 15, 2015, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("the Petition"). The Petition challenges Petitioner's 1997 Riverside Superior Court criminal judgment. Petitioner previously challenged this same criminal judgment in a prior habeas corpus petition filed in this Court. See Brown v. Terhune, CV 02-61-PA(E). On February 4, 2003, this Court entered Judgment in Brown v. Terhune, CV 02-61-PA(E), denying and dismissing the prior petition on the merits with prejudice.

///
///

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals (see Petition, p. 7).[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Michael C. Brown has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

2

jurisdiction to consider the petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 12, 2015.

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

PRESENTED this 11th day of

May, 2015, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of this disposition, Petitioner's "Motion and Declaration for Appointment of Counsel," filed April 15, 2015, is denied.

3